[No. 17590. Department Two. May 4, 1923.]

NATIONAL STEEL CAR CORPORATION, LIMITED, *Respondent*, v. SCHWAGER & NETTLETON, INCORPORATED, *Appellant*.[1]

SALES (78, 155)—PERFORMANCE OF CONTRACT—TIME—EXTENSION—DAMAGES—PURCHASE OF GOODS ELSEWHERE. Where the buyer of lumber extended the time for the delivery to a certain date, and the seller already in default made no reply thereto and failed to deliver the lumber, the breach of the contract occurred on that day; so that the measure of damages would be governed by the market price at that time, and not at an earlier date when the buyer had purchased lumber in anticipation of the seller's continued failure to perform the contract.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered March 4, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Modified.

[1]Reported in 214 Pac. 1049.

*Kerr, McCord & Ivey,* for appellant.
*Guie & Halverstadt,* for respondent.

PEMBERTON, J.—This is an action by respondent against appellant for damages for breach of a contract to deliver certain lumber to respondent. It is admitted that the contract was breached, and the only question is, when, as a matter of law, was the same breached.

On the 12th day of February and the 4th day of March, 1919, the appellant accepted two certain orders for lumber to be delivered to respondent. The first order was to be delivered on March 15, and the second by April 1, with an understanding that they did not guarantee to have it all shipped before April 1, but would make every effort to have the order completed by that time. Between March 29 and October 23, 1919, the appellant shipped to respondent all the lumber with the exception of 228,896 feet of 2x6—16 feet and 22,500 feet of 2x6—9 feet.

Beginning with April 22, 1919, up to and including March 22, 1920, respondent wrote to appellant or its agent, Mr. Russell, a number of letters requesting appellant to complete its shipment, and made inquiry as to why the lumber was not delivered as per the contract. On May 5, 1919, Mr. Russell wrote in answer to one of these inquiries, as follows:

"Replying to your letter of April 30th regarding B-411 order No. 47, Schwager & Nettleton advise that shipment of this car lining has been delayed on account of Government placing large quantities of similar material which had preference over commercial orders, but they expect to make better shipments very shortly and will rush all possible."

On May 16, Russell again states:

"Schwager & Nettleton advise that they are doing all possible toward getting shipments but they are

having trouble with their mills on account of Government orders having preference."

On January 2, respondent wrote Russell, as follows:

"Kindly refer to my letter of Dec. 22d, re. shipment of the balance of lumber on the above order. We would appreciate shipments coming forward immediately."

On January 6, 1920, respondent wrote appellant, as follows:

"Reference is made to our P-411, Order No. 47, and your two acknowledgments of same, No. 9177, dated February 24th, 1919, and wish to advise our records show still undelivered on this order:

213,000 ft. 2x6—16'    Kiln Dried Clear &
21,000 ft. 2x6— 9'    Better Oregon Fir.

"I have taken the matter of shipment of the balance due up with our President, Mr. R. J. Magor, and we must ask that you give us immediately a statement stating when you will make shipment of this balance. At the time of placing this order with you we understood that we were dealing with a reputable concern and one that would live up to its obligations, and as we have been caused considerable expense and embarrassment by the non-shipment of this material, we must now request that shipment be made.

"We would appreciate your advising by return mail fully just what you intend to do and await your prompt reply."

On January 27, respondent again wrote appellant, as follows:

"We have not as yet received any reply from you to our letter of January 6th and would appreciate hearing from you immediately as to what you propose doing in regard to shipping the balance of lumber due on above order. We must have an immediate decision in this regard and trust that you are arranging to forward same."

On March 8, appellant wrote respondent, a portion of the letter reading as follows:

"At the time Mr. Schwager retired from Schwager & Nettleton, Inc., your order did not appear on their books, consequently it was not necessary to ascertain from him his understanding of the status of this order. We are advised that it was cancelled, owing to the unsatisfactory settlements which were made on rejects."

To which respondent replied:

"March 19, 1920.

"Schwager & Nettleton, Inc.,

"Seattle, Wash.

"Dear Sirs:

"O-411 No. 47, Your Tracer 20166.

"This will acknowledge your letter of March 8th and I note the delay in replying to our letter of Jan. 6th, also the changes that have taken place in above company.

"I note what you say regarding having cancelled above order. We never received any notice of cancellation of this order and still expect to receive the balance of the lumber covered by the order. . . .

"We await your reply advising when shipments will commence and when you will make complete shipment of all of the balance.

"Yours truly,

"National Steel Car Corporation, Ltd.

"W. E. Galloway, Purchasing Agent."

Receiving no answer, respondent gave appellant until the first day of July, 1920, to complete the order, under letter of March 22, 1920, as follows:

"March 22nd, 1920.

"Messrs. Schwager & Nettleton, Inc.,

"Seattle, Wash.

"Dear Sirs::

"P-411 Order No. 47.

"We would again call your attention to our P-411 Order No. 47, and your acceptances of the same No. 9177, dated Feb. 24th, 1919, and to the fact that there

remains undelivered on this order 213,000 feet 2x6—
16' kiln-dried No. 2 Clear and Better Oregon Fir.

"We now call upon you to deliver said balance of
undelivered lumber to us f. o. b. Hamilton on or be-
fore the 1st day of July, A. D. 1920.

"Should you fail to make delivery on or before the
date last mentioned, we shall have to take action to
protect our interests.

"We trust that you will not render this latter step
necessary.

"Yours truly,

"National Steel Car Corporation, Ltd.

"W. E. Galloway, Purchasing Agent."

No further communication was had between the ap-
pellant and respondent thereafter.

The trial court found that, on March 2, 1920, re-
spondent, believing that appellant did not intend to
deliver the balance of said lumber, purchased 228,896
feet of 2x6—16 feet and 22,500 feet of 2x6—9 feet at
a cost of $107.50 per thousand feet f. o. b. Hamilton,
Ontario, Canada, which purchase was necessary be-
cause of the failure of appellant to make the delivery
provided in the contract, and that the sum so paid was
the reasonable market price for the lumber delivered
at that point; that the difference between the price
mentioned in the order and the price paid for the lum-
ber amounted to $13,404.69, for which amount judg-
ment was entered in favor of respondent.

It is the contention of appellant that the letter of
March 22, 1920, giving appellant until the 1st day of
July, 1920, within which to make the delivery of the
lumber in question, determines the date of the breach
of the contract as that of the first day of July, 1920,
when lumber was worth not to exceed $67.50 a thou-
sand, and that instead of allowing a recovery based on
$107.50 a thousand, the value of lumber on March 2,
the court should not have allowed a recovery for an

amount in excess of the difference between the price mentioned in the contract and the amount of $67.50 a thousand, or $72 a thousand, as found by the court for the price of lumber on July 1, 1920.

Appellant calls our attention to the case of *Marden, Orth & Hastings Corp. v. Trans-Pacific Corp.*, 109 Wash. 296, 186 Pac. 884, wherein in a similar case the question arose as to the time of a breach of a contract. In that case appellant had agreed to deliver certain soya bean oil for immediate shipment on November 13, 1917. From December 14, 1917, up to and including February 16, a number of letters of inquiry and admonition were written by respondent with reference to the failure of the appellant to deliver the soya bean oil as per contract. On February 16, respondent wrote the following:

"Unless we have some definite advice from you when shipment of 400 tons soya bean oil against our contract with you dated November 13th, will be made, by Tuesday next week, we shall buy this quantity against you in the open market and charge you with the difference."

This was followed by other letters of respondent demanding delivery of the oil. Appellant made no answer until April 11, when it declined to make delivery.

The court said in that case:

"It seems to us that respondent's letter of February 16, above quoted, fixing the following Tuesday, February 19, as the limit of time within which further advice would be awaited from appellant, amounted to a final refusal of respondent to extend the time for delivery beyond that date, if appellant should not then be heard from; and that the silence of appellant thereafter upon the questions of a further extension of time of delivery amounted to a refusal to deliver the oil as of February 19. We are therefore of the opinion

that the contract was finally breached on February 19, 1918."

There can be no question but what the respondent had the right under the law to extend the time within which appellant was permitted to make final delivery of the lumber in question, and when appellant failed to make reply to the letter and failed to deliver the lumber, the date of the breach of the contract was the first day of July, 1920, the final limit of the extension granted by respondent.

The evidence supports the finding of the trial court that the price of lumber on July 1, 1920, f. o. b. Hamilton was $72 per thousand. The shortage in appellant's deliveries was 22,500 feet of 2x6—9 and 228,896 feet 2x6—16. The contract price for the former was $56 a thousand and for the latter $54 per thousand, making a loss on the former of $16 and the latter of $18 per thousand, amounting in all to $4,480. The lumber was to be paid for in American money, at that time at a premium of 12½ per cent. This would reduce the amount of recovery accordingly, leaving $3,982.20. The judgment of the trial court will be modified in that respondent is given judgment against appellant in the amount of $3,982.20, together with interest thereon at the rate of six per cent per annum from and after July 1, 1920. Appellant to recover costs of appeal.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.